CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 24 2016

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN RICHARDSON, | ) | CASE NO. 7:16CV00300 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| RED ONION STATE PRISON, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Brian Richardson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Red Onion State Prison ("Red Onion"). He alleges that officers there have violated his constitutional rights in various ways over the last nine years. After review of the record, the court concludes that the complaint must be summarily dismissed, because Richardson admits that he failed to exhaust available administrative remedies, as required under 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act ("PLRA"), among other things, provides in 42 U.S.C. § 1997e(a) that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). This exhaustion requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . whether they allege excessive force or some other wrong," and even if the form of relief the inmate seeks in his lawsuit is not available through the prison's grievance proceedings. Id. Failure to follow the required procedures of the prison's administrative remedy process, including time limits, or to exhaust all levels of administrative review is not "proper exhaustion" and will bar an inmate's § 1983 action. Woodford v. Ngo, 548 U.S. 81, 90 (2006). "[W]here failure to exhaust is apparent from the face of the complaint," the

court may summarily dismiss the complaint on that ground. <u>Anderson v. XYZ Correctional Health Services, Inc.</u>, 407 F.3d 674, 682 (4th Cir. 2005).

In his § 1983 complaint, Richardson lists numerous officers' alleged actions between 2009 and the present that he believes were violations of his constitutional rights, such as spraying him with mace, refusing him a meal or tampering with his food, threatening to beat him or slam the tray slot door on his hands, making racially or sexually offensive remarks to him, stepping on his shower shoes trying to make him fall, and banging or kicking his door. On the face of his complaint, Richardson states that he has not filed institutional grievances regarding these § 1983 claims. On a separate, verified statement form, he indicates his belief that he has no administrative remedy procedure available, either because the prison does not have one or because the issues in his claims are not grievable.

The court takes judicial notice that Red Onion, like other facilities operated by the Virginia Department of Corrections ("VDOC"), provides inmates with a written administrative remedies procedure: Operating Procedure ("OP") 866.1. To fulfill the obligation for exhaustion dictated by § 1997e(a), an inmate must pursue his claim through all the administrative steps available under the OP 866.1 procedures before filing a federal lawsuit about them. The copy of OP 866.1 available online offers no indication that the issues Richardson raises in his § 1983 complaint are nongrievable under these available procedures.[1] Thus, it is clear from Richardson's sworn complaint and verified statement form that he did not exhaust the administrative remedies available to him under OP 866.1 at Red Onion before filing this lawsuit. Therefore, the court finds that he is barred under § 1997e(a) from bringing this lawsuit and, for

---

[1] <u>See</u> http://www.vadoc.virginia.gov/about/procedures/default.shtm (last visited August 22, 2016).

2

Case 7:16-cv-00300-GEC-RSB   Document 8   Filed 08/24/16   Page 2 of 3   Pageid#: 47

this reason, will summarily dismiss the action without prejudice.² An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 24th day of August, 2016.

                                            /s/ Conrad
                                         Chief United States District Judge

---

² The court also notes that Richardson's complaint fails to state any actionable claim under § 1983 against Red Onion—the only defendant he has identified in the heading of his submission. The prison itself, as an agency of the state, is not a "person" subject to suit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-70 (1989). Moreover, many of the incidents that Richardson recounts in the complaint are time barred, because they occurred more than two years before he filed his lawsuit. See Shelton v. Angelone, 148 F.Supp.2d 670, 677 (W.D. Va. 2001) (applying two-year Virginia statute of limitations to prisoner § 1983 action), citing Owens v. Okure, 488 U.S. 235, 239-40 (1989); Wilson v. Garcia, 471 U.S. 261 (1985). Therefore, if Richardson wishes to pursue a § 1983 complaint regarding issues mentioned in the current submission, he must first exhaust administrative remedies; he may only bring suit as to incidents within the last two years; and he must name proper defendants.